UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN W. FRYER,   Case No. 1:11-cv-661

    Plaintiff,   Weber, J.
                                           Bowman, M.J.

vs.

VINCENT DIXON,

    Defendant.

## ORDER

As outlined in the undersigned's recent Report and Recommendation, it appears that Plaintiff may have previously litigated a similar, if not identical case, in state court against Defendant Dixon.

Under the doctrine *of res judicata*, or claim preclusion, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, n. 5 (1979); *Gargallo v. Merrill Lunch, Pierce, Fenner & Smith*, 918 F.2d 658, 660-61 (6th Cir. 1990). Notably, *res judicata* "precludes not only relitigating a claim previously adjudicated; it also precludes litigating a claim or defense that should have been raised, but was not, in the prior suit*." Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003), citing *Stern v. Mascio*, 262 F.3d 600, 608 (6th Cir. 2001). *See also Federated Department Stores, Inc., v. Moitie*, 452 U.S. 394, 398 (1981)(*res judicata* prevents the "relitigating of issues that were or could have been raised in [a prior] action.").

Accordingly, Plaintiff is hereby **ORDERED TO SHOW CAUSE**, in writing and within **20 DAYS** of the filing date of this Order, why this action is not barred by the doctrine of *res judicata*. Failure to comply with this Order will result in a Report and Recommendation to the District Judge that Plaintiff's complaint be dismissed and this matter terminated on the active docket of the Court.

**IT IS SO ORDERED.**

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge