UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN FRYER,

    Plaintiff,

vs.

VINCENT DIXON,

    Defendant.

Case No. 1:11-cv-661

Weber, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

This diversity action arises out of a three-vehicle automobile accident near Cincinnati, Ohio. Plaintiff, proceeding *pro se*, seeks compensation for his injuries sustained in the accident and continuing physical rehabilitation from his injuries. (Doc. 6). This matter is before the Court on Plaintiff John W. Fryer's motion for default judgment against Defendant Vincent Dixon. (Doc. 11).[1] Also before the Court are Plaintiff's motions for judgment on the pleadings. (Doc. 12, 13).

### I. Background and Facts

Plaintiff initiated this action by filing a motion to proceed *in forma pauperis* on September 23, 2011. (Doc. 1). The motion was granted and Plaintiff's complaint was filed on November 7, 2011. (Docs. 5, 6). The docket indicates that the summons and complaint was returned executed as to Defendant Dixon. (Doc. 8). Defendant Dixon, however, did not answer the complaint or otherwise appear in this action. In light of

---

[1] On February 17, 2012, as a result of Defendant's purported failure to answer the complaint and Plaintiff's inactivity in this matter, the Court Ordered Plaintiff either move for default judgment or show cause why the matter should not be dismissed for lack of prosecution. (Doc. 9).

1

Defendant Dixon's failure to respond to this action, Plaintiff filed a motion for default judgment (Doc. 11), as well as motions for judgment on the pleadings. (Docs. 12, 13).

Upon review of the Plaintiff's motions and his complaint, it appears that a similar, if not identical case has been previously filed by Plaintiff in Hamilton County Municipal Court against Defendants David Beckett, Vincent Dixon and Jacques Smith. *See John Fryer v. David Beckett, et al*, Hamilton County Municipal Court, Case No. 10cv10477. According to the state court docket, that case was dismissed on December 1, 2010.[2] Another purportedly related case was also filed by Plaintiff in May 2010 in the Hamilton County Court of Common Pleas against Defendants Tim Stommel, Jacques Smith and Vincent Dixon. *See John Fryer v. Tim Stommel*, et al, Hamilton County Court of Common Pleas, Case No. A1004389. The docket indicates that this matter was dismissed on October 29, 2010 pursuant to Ohio Civil Rule 41(B)(1).

Plaintiff's complaint also reference Case No. 10cv10477 and further asserts that he is "simultaneously filing with this action, an action against the other two Defendants, David C. Beckett and Jacques E. Smith in the Hamilton County Court of Common Pleas." (Doc. 6 at 6).

Additionally, Plaintiff's motions for judgment on the pleadings appear to raise arguments directed at Plaintiff's state court litigation. Notably, Plaintiff's motions for judgment on the pleadings include allegations and arguments directed at the same three defendants that were named in the state court litigation. However, the instant

---

[2] "Federal courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969). See also *Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999); *Saint Torrance v. Firstar,* 529 F. Supp.2d 836, 838 n.1 (S.D. Ohio 2007).

action was filed only against Defendant Dixon. Specifically, Plaintiff's motions for judgment assert:

> Defendant Dixon filed an answer to Co-Defendant Smith's cross-claim and cross complaint against Defendant Jacques Smith with jury demand two weeks later. Defendant Dixon further filed a Motion to Dismiss the Plaintiff's First Amended Original Complaint. On a letter dated December 10, 2010; the Plaintiff received a letter from Counsel John M. Dunn of Reminger Co. LPA setting forth their position.

(Docs. 12, 13).

Plaintiff further appears to argue that he is entitled to judgment as a matter of law and/or default judgment because the Defendants filed motions to dismiss rather than answers to Plaintiff's complaint.

## II. Analysis

Upon careful review, the undersigned finds that Plaintiff's motions are not well-taken. Plaintiff has failed to provide any supporting evidence to establish that he is entitled to judgment in the matter. More importantly, based prior state court litigation; the instant action may be entirely barred by the doctrine *of res judicata*.

Under the doctrine *of res judicata*, or claim preclusion, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, n. 5 (1979); *Gargallo v. Merrill Lunch, Pierce, Fenner & Smith*, 918 F.2d 658, 660-61 (6th Cir. 1990). Notably, *res judicata* "precludes not only relitigating a claim previously adjudicated; it also precludes litigating a claim or defense that should have been raised, but was not, in the prior suit." *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003), citing *Stern v. Mascio*, 262 F.3d 600, 608 (6th Cir. 2001). *See also Federated Department Stores,*

*Inc., v. Moitie*, 452 U.S. 394, 398 (1981)(*res judicata* prevents the "relitigating of issues that were or could have been raised in [a prior] action.") Here, it appears that Plaintiff previously litigated a similar if not identical case in state court against Defendant Dixon.

### III. Conclusion

Based on the foregoing, **IT IS THEREFORE RECOMMENDED** that Plaintiff's motions for default judgment (Doc. 11) and for judgment on the pleadings (Docs. 12, 13) be **DENIED,** subject to refilling if appropriate, after the Court determines whether Plaintiff's claims are barred *by res judicata*.[3]

/s Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

---

[3] In a separate docket entry, the undersigned has Ordered Plaintiff to Show Cause why his claims are not barred by the doctrine of *res judicata*.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JOHN FRYER,

    Plaintiff,

vs.

VINCENT DIXON,

    Defendant.

Case No. 1:11-cv-661

Weber, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within FOURTEEN (14) DAYS of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within FOURTEEN (14) DAYS after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).